NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WASTOW ENTERPRISES, LLC,**

*Plaintiff-Appellant*

**v.**

**TRUCKMOVERS.COM, INC., DEALER'S CHOICE TRUCKAWAY SYSTEM, INC., DBA TRUCKMOVERS,**

*Defendants-Appellees*

---

2020-2349

---

Appeal from the United States District Court for the Western District of Missouri in No. 4:19-cv-00249-NKL, Judge Nanette K. Laughrey.

---

Decided: May 14, 2021

---

DANIEL A. KENT, Kent & Risley LLC, Alpharetta, GA, for plaintiff-appellant. Also represented by CORTNEY ALEXANDER, OLIVIA MARBUTT, SAMUEL NAJIM, STEPHEN ROBERT RISLEY.

MICHAEL DULIN, Polsinelli PC, Denver, CO, for defendants-appellees. Also represented by COLBY BRIAN SPRINGER, Polsinelli LLP, San Francisco, CA.

———————————

Before NEWMAN, REYNA, and TARANTO, *Circuit Judges*.

TARANTO, *Circuit Judge*.

Wastow Enterprises, LLC, which owns U.S. Patent No. 8,613,583, sued TruckMovers.com, Inc., Dealer's Choice Truckaway System, Inc., d/b/a Truckmovers (collectively, Truckmovers), alleging that Truckmovers was infringing claims 1–15 of the '583 patent by making, using, selling, or offering to sell its Z-Wing towing system. The district court held that the '583 patent's claims must be construed to be limited to a universal folding boom trailer, and the parties then stipulated to noninfringement. We agree with the district court's claim construction and therefore affirm the judgment.

I

A

The '583 patent is titled "Universal Folding Boom Trailer." The specification describes a towing system and a method of loading, transporting, and delivering trucks. *See, e.g.*, '583 patent, col. 1, lines 19–23. The specification declares that the "present invention overcomes all the shortcoming of previous methods and apparatuses by providing a new Universal Folding Boom Trailer for transport[ing] multiple vehicles in a safe and legal manner." *Id.*, col. 1, lines 62–65. The "Universal Folding Boom Trailer" provides several "advantage[s]," the patent adds, such as a better "weight bearing capacity," operability without having "to immobilize the steering wheel with the driver seat belt," and a lower risk of a "blowout." *Id.*, col. 2, lines 20–37.

Independent claim 1 is illustrative and recites:

1. A towing system, comprising:

a towing vehicle, wherein the towing vehicle is a first truck;

a towed vehicle having an axle and a frame, wherein the towed vehicle is a second truck; and

a device removably mounted to the towing vehicle and to the towed vehicle, the device including[:]

a front portion removably interfacing with the towing vehicle,

a middle portion,

a rear portion at a different elevation from the front portion for removably mounting to both the axle and the frame of the towed vehicle and supporting the towed vehicle from underneath the towed vehicle, wherein the front portion and the rear portions are joined to the middle portion in a rigid configuration, the rear portion further having a front axle connector to which the axle of the towed vehicle is attached and a single central beam with a frame connector at an end of the single central beam to which the frame of the towed vehicle is attached, wherein the rear portion is adjustable and slides forward and aft for hauling various lengths of the towed vehicle,

wherein the single central beam has a maximum width less than a maximum width of a remainder of the rear portion, the single central beam at least partly disposed inside

of the remainder of the rear portion, and the front axle connector is disposed on the remainder of the rear portion at a location intermediate the end of the single central beam and the middle portion, and

wherein the rear portion is configured for towing the towed vehicle in a forward-facing direction.

*Id.*, col. 6, lines 25–55. Claim 6 is similar in ways relevant to this appeal, except that its preamble is "A device for a towing system, comprising" instead of "A towing system, comprising" (claim 1). *Id.*, col. 7, line 1.

B

On March 29, 2019, Wastow sued Truckmovers, alleging that Truckmovers was infringing claims 1–15 of the '583 patent by making, using, selling, or offering to sell its Z-Wing product. Truckmovers counterclaimed for a declaratory judgment of noninfringement.

On May 26, 2020, the district court issued an order on claim construction, resolving the parties' disputes on the proper construction of the phrase "A frame connector at an end of the single central beam" and the term "device." *Wastow Enters., LLC v. TruckMovers.com, Inc.*, No. 4:19-cv-00249, 2020 WL 2736981 (W.D. Mo. May 26, 2020). As to the "frame connector" phrase, the district court rejected Truckmovers's construction, *id.* at *4–5, a ruling not at issue on appeal. As to the term "device," the district court adopted Truckmovers's proposed construction that "the broad term 'device' should . . . be construed to refer to a 'universal folding boom trailer.'" *Id.* at *2. The court reasoned that, "[a]lthough there was no explicit disavowal of other devices, the patentees description of 'the present invention' as referring to a universal folding boom trailer and the repeated, consistent use of the complete term 'universal folding boom trailer' to refer to the claimed device together

support the conclusion that the patentee implicitly disavowed claim terms lacking a 'universal folding boom trailer.'" *Id.* at \*4. In so concluding, the district court rejected Wastow's contention that this meaning would conflict with claim 6 because that claim uses "device" only in the preamble (which Wastow argued was nonlimiting). *Id.*; *see also* Plaintiff's Response to Defendants' Opening Claim Construction Br. at 8–9, *Wastow*, No. 4:19-cv-00249, ECF No. 44 (W.D. Mo. Jan. 21, 2020).

Given the district court's claim-construction determinations, Wastow stipulated to entry of a judgment of non-infringement. The district court entered judgment on August 31, 2020. Wastow timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

II

A

"We decide claim construction de novo as an issue of law where, as here, the issue is decided only on the intrinsic evidence." *Arctic Cat Inc. v. GEP Power Prods., Inc.*, 919 F.3d 1320, 1327 (Fed. Cir. 2019). We have held that "the specification may reveal an intentional disclaimer, or disavowal, of claim scope by the inventor. In that instance as well, the inventor has dictated the correct claim scope, and the inventor's intention, as expressed in the specification, is regarded as dispositive." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–17 (Fed. Cir. 2005) (en banc). That principle controls this case. Here, the specification makes clear to a relevant artisan that the claims of the '583 patent require a universal folding boom trailer.

"When a patent . . . describes the features of the 'present invention' as a whole, this description limits the scope of the invention." *Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1308 (Fed. Cir. 2007). We have explained that "an inventor may disavow claims lacking a particular feature when the specification describes 'the

present invention' as having that feature." *Poly-America, L.P. v. API Indus., Inc.*, 839 F.3d 1131, 1136 (Fed. Cir. 2016); *see also Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1353 (Fed. Cir. 2016) (noting that we have found disavowal or disclaimer based on statements such as "the present invention includes" or "the present invention is").

The '583 patent's specification does just that. It repeatedly describes "the present invention" as a universal folding boom trailer. *See, e.g.*, '538 patent, col. 5, lines 25–27 ("The safety issues of the current prior art method illustrated in FIG. 1 are corrected by the use of the Universal Folding Boom Trailer 30 of the present invention."); *id.*, col. 1, lines 19–23 ("The present invention overcomes all the shortcoming of previous methods and apparatuses by providing a new Universal Folding Boom Trailer for transported multiple vehicles in a safe and legal manner."); *id.*, col. 2, lines 11–14 ("FIG. 2 illustrates the Universal Folding Boom Trailer 30 of the present invention legally and safely transporting two trucks 32, 34 and carrying a personal pickup truck 36 between them."); *id.*, col. 2, lines 53–54 ("FIG. 3 illustrates a side view of the Universal Folding Boom of the present invention in a folded position[.]"); *id.*, col. 1, lines 19–23 ("The present invention relates generally to a method and apparatus for transporting and delivering multiple trucks, and in particular, to a universal folding boom trailer for loading, transporting and delivering trucks in compliance with the Department of Transportation Regulations."). And the specification does not use "device" more broadly when referring to the inventive structure. *See id.*, col. 2, lines 61–63 ("FIG. 7 illustrates a top view of *the Universal Folding Boom* as shown in FIG. 6, and further shows a laterally central longitudinal axis A-A of a rear portion of *the device*." (emphases added)).

The specification also ties the stated benefits of the invention over prior art to the use of a universal folding boom trailer. *See id.*, col. 5, lines 25–27 ("The safety issues of the

current prior art method illustrated in FIG. 1 are corrected by the use of the Universal Folding Boom Trailer 30 of the present invention."); *id.*, col. 1, lines 19–23 ("The present invention overcomes all the shortcoming of previous methods and apparatuses by providing a new Universal Folding Boom Trailer for transported multiple vehicles in a safe and legal manner."). That aspect of the specification reinforces the conclusion of disavowal. *See Poly-America*, 839 F.3d at 1136 ("Similarly, an inventor may disavow claims lacking a particular feature when the specification distinguishes or disparages prior art based on the absence of that feature."); *SciMed Life Systems, Inc. v. Advanced Cardiovascular Systems, Inc.*, 242 F.3d 1337, 1343 (Fed. Cir. 2001) ("Thus, the SciMed patents distinguish the prior art on the basis of the use of dual lumens and point out the advantages of the coaxial lumens used in the catheters that are the subjects of the SciMed patents. That discussion in the written description supports the district court's conclusion that the claims should not be read so broadly as to encompass the distinguished prior art structure."); *Forest Labs., LLC v. Sigmapharm Labs., LLC*, 918 F.3d 928, 933 (Fed. Cir. 2019).

The patent's title—"Universal Folding Boom Trailer"—also indicates that a relevant artisan would understand that the claims require a universal folding boom trailer. *See Ruckus Wireless, Inc. v. Innovative Wireless Solutions, LLC*, 824 F.3d 999, 1003 n.2 (Fed. Cir. 2016) ("We have used the title of a patent to aid in claim construction."); *see also*, *e.g.*, *Forest Labs.*, 918 F.3d at 933 (partly relying on the patent's title when limiting claim's scope); *Ultimate-Pointer, L.L.C. v. Nintendo Co.*, 816 F.3d 816, 823 (Fed. Cir. 2016) (same). The title thus reinforces what the written description makes clear.

For the foregoing reasons, the patent supplies compelling support for a conclusion of disavowal of claim scope beyond a "universal folding boom trailer."

Wastow has advanced no persuasive argument to the contrary. It points to *Continental Circuits LLC v. Intel Corp.*, 915 F.3d 788 (Fed. Cir. 2019), but the specification at issue in that case used "'the present invention'" with nonlimiting "phrases such as 'one technique,' 'can be carried out,' and 'a way'" and only in the context of "the discussion of the preferred embodiment." *Id.* at 797–98; *see also Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1136–37 (Fed. Cir. 2011) (relying on terms like "can" as indicating that a feature was "optional" when concluding that there was no disavowal). For that reason, the court concluded, the statements did "not characterize the present invention as a whole. Instead, they disclose one way to carry out the present invention." *Continental Circuits*, 915 F.3d at 798 (cleaned up). As discussed above, the '583 patent's specification is quite different, repeatedly referring to the universal folding boom trailer as being part "of the present invention." The specification also differs crucially from the specification at issue in *In re Papst Licensing Digital Camera Patent Litigation*, which held simply that a single use of "the present invention" as "part of the description of several preferred embodiments" was not a sufficiently "clear declaration of what constitutes an essential part of the invention." 778 F.3d 1255, 1263–64 (Fed. Cir. 2015). The '583 patent's specification repeatedly states that "the present invention" has a universal folding boom trailer and does so outside a description of preferred embodiments. Finally, the merely supportive role of the title in the disavowal analysis in this case is consistent with our precedent, cited above, and does not give "too much weight" to the patent's title. *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1312 (Fed. Cir. 1999).

B

Wastow suggests that the preamble of claim 6—the only place in claim 6 where "device" is used—is not limiting. As an initial matter, however, the district court reasonably understood Wastow's argument about claim 6 not

to be a freestanding argument that, whatever "device" means, in claim 6 the term is not limiting even if it is limiting in other claims—but rather only an argument that the location of "device" in the preamble of claim 6 implies that, to avoid inconsistency, the term cannot be read to require a universal folding boom trailer in any of the claims. The district court's rejection of Wastow's inconsistency-based contention is correct. Regardless, the disavowal of claim scope made clear by the specification readily applies to claim 6 as to the other claims. Indeed, the specification's clear message that the invention is confined to a universal folding boom trailer suffices to make the term "device" in the preamble of claim 6 limiting because it must be understood as "defin[ing] the claimed invention." *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002); *see also Deere & Co. v. Bush Hog, LLC,* 703 F.3d 1349, 1357 (Fed. Cir. 2012) ("Whether to treat a preamble as a limitation is 'determined on the facts of each case in light of the overall form of the claim, and the invention as described in the specification and illuminated in the prosecution history.'" (quoting *Applied Materials, Inc. v. Advanced Semiconductor Materials America, Inc.,* 98 F.3d 1563, 1572–73 (Fed. Cir. 1996))).

## III

For the foregoing reasons, we affirm the judgment of the district court.

The parties shall bear their own costs.

## AFFIRMED